IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICKEY GRIGLER, | ) |
| Plaintiff, | ) Case No.: 23-cv-1479 |
| v. | ) Complaint for Violation of Civil Rights and ) State Supplemental Claim |
| The City of Chicago, Chicago Police Officers Lindquist, Badge No. 15660, Burton, Badge No. 17435, and Sherell, Badge No. 19874, Unknown and Unnamed Police Officers, | ) **JURY DEMANDED** |
| Defendants. | ) |

**COMPLAINT AT LAW**

Plaintiff, Rickey Grigler, by and through his attorneys, Ed Fox & Associates, Ltd., files the following Complaint:

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times mentioned herein, Plaintiff, Rickey Grigler ("Grigler") was and is a citizen of the United States and was within the jurisdiction of this Court.

4. At all times mentioned herein, Defendants, Chicago Police Officers Lindquist, Badge No. 15660 ("Lindquist"), Burton, Badge No. 17435 ("Burton"), Sherell, Badge No. 19874 ("Sherell"),

and Unknown and Unnamed Police Officers (collectively "Defendant Officers") were employed by the City of Chicago Police Department and acted under the color of state law and as the employees, agents, and/or representatives of the City of Chicago Police Department. Grigler is suing Defendant Officers in their individual capacities.

5. At all times mentioned herein, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times material, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

### FACTUAL ALLEGATIONS

6. On or about November 24, 2022, at all times material, Grigler was exiting his legally parked vehicle in Chicago, Illinois.

7. Lindquist approached Grigler while he was attempting to exit the vehicle.

8. Lindquist slammed the door on Grigler's leg as he exited the vehicle.

9. There was no just cause to slam the door on Grigler's leg and/or to detain him.

10. Lindquist held onto Grigler as she waited for back-up.

11. There was no just cause to hold onto Grigler or to call back-up.

12. Burton, Sherell, and Unknown and Unnamed Police Officers arrived at the scene.

13. Defendant Officers threw Grigler to the ground.

14. There was no just cause to throw Grigler to the ground.

15. Defendant Officers handcuffed Grigler, put him inside a police vehicle, and transported him to the police station.

16. There was no just cause to handcuff Grigler, put him inside a police vehicle, or transport him to the police station.

17. Defendant Officers searched Grigler's vehicle.

18. There was no just cause to search Grigler's vehicle.

19. Defendant Officers had Grigler's vehicle impounded.

20. There was no just cause to have the vehicle impounded.

21. Defendant Officer charged Grigler with DRIVING ON A SUSPENDED LICENSE, DRIVING RVK/SUSP DUI/SSS 3RD, NO VALID REGISTRATION, OPERATE UNINSURED MTR VEH/3+, and DISPLAY ST REG-FRONT/REAR.

22. Grigler was not violating any laws.

23. There was no just cause to charge or prosecute Grigler for any violation of the law.

24. Grigler was given a bond with conditions significant enough to constitute a seizure.

25. On or about December 1, 2022, the State's Attorney dismissed the charge against Grigler, indicating his innocence.

26. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, Grigler suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

27. The actions and/or omissions by Defendant Officers, as mentioned above, were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Grigler's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

28. By reason of the actions and/or omissions mentioned above by Defendant Officers, Grigler retained attorneys to institute, prosecute, and render legal assistance to him in the within action so that they might vindicate the loss and impairment of his rights. Grigler requests payment by

Defendant Officers of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988 or any other provision set by law.

**COUNT I**
**GRIGLER AGAINST DEFENDANT OFFICERS FOR WRONGFUL DETENTION IN VIOLATION OF THE FOURTH AMENDMENT**

29. Grigler hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

30. Lindquist violated Grigler's Fourth Amendment right against wrongful detention by slamming the vehicle door on his leg, holding onto him, and detaining him without just cause.

31. Defendant Officers violated Grigler's Fourth Amendment right against wrongful detention by tackling him, handcuffing him, putting him into the backseat of the police vehicle, transporting him to the police station, and detaining him without just cause.

32. The foregoing was unnecessary, unreasonable, excessive, and violated Grigler's Fourth Amendment right.

33. Accordingly, Defendant Officers deprived Grigler of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder and are liable pursuant to 42 U.S.C. § 1983.

**COUNT II**
**GRIGLER AGAINST DEFENDANT OFFICERS FOR UNLAWFUL SEIZURE OF HIS VEHICLE IN VIOLATION OF THE FOURTH AMENDMENT**

34. Grigler hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

35. Defendant Officers violated Grigler's Fourth Amendment right against unreasonable seizure by having his vehicle impounded without just cause.

36. The foregoing was unnecessary, unreasonable, and violated Grigler's Fourth Amendment right.

37. Accordingly, Defendant Officers deprived Grigler of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder and are liable pursuant to 42 U.S.C. § 1983.

### COUNT III
### GRIGLER AGAINST DEFENDANT OFFICERS FOR MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT

38. Grigler incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

39. Defendant Officers violated Grigler's Constitutional rights by maliciously commencing and/or continuing an original proceeding against him without probable cause.

40. As a result, Grigler was given bond with conditions significant enough to constitute a seizure.

41. On or about December 1, 2022, the proceedings were terminated in Grigler's favor, indicative of his innocence.

42. Defendant Officers initiated, facilitated, and/or continued this malicious prosecution by creating false evidence, giving false police reports, and/or preparing and signing false administrative violations against Grigler.

43. As a result, Grigler was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

44. The foregoing was unnecessary, unreasonable, and excessive and therefore violated Grigler's Fourth Amendment right.

45. Accordingly, Defendant Officers deprived Grigler of his rights, privileges, immunities, and liberties secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder and are liable pursuant to 42 U.S.C. § 1983.

### COUNT IV

**GRIGLER AGAINST DEFENDANT OFFICERS FOR EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT**

46. Grigler hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

47. Lindquist seized and used force against Grigler by slamming the vehicle door on his leg.

48. There was no just cause to slam the vehicle door on Grigler's leg.

49. Defendant Officers seized and used force against Grigler by slamming him to the ground.

50. There was no just cause to slam Grigler to the ground.

51. The force inflicted upon Grigler was unnecessary, unreasonable, excessive, and violated his Fourth Amendment right.

52. Accordingly, Defendant Officers deprived Grigler of his rights, privileges, immunities, and liberties secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder and are liable pursuant to 42 U.S.C. § 1983.

**COUNT V**
**GRIGLER AGAINST THE CITY OF CHICAGO FOR THE STATE LAW CLAIM OF FALSE IMPRISONMENT/ARREST**

53. Grigler hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

54. Defendant Officers intended to and did confine Grigler within fixed boundaries.

55. Grigler was conscious of the confinement and/or harmed by it.

56. Defendant Officers violated the law by falsely imprisoning/arresting Grigler.

57. Grigler was damaged emotionally and otherwise by the unlawful acts of Defendant Officers.

58. The City of Chicago is liable pursuant to *respondeat superior*.

59. Grigler's imprisonment was unnecessary and unreasonable.

60. Therefore, the City of Chicago is liable for the supplemental state law claim of false imprisonment/arrest.

**WHEREFORE**, Plaintiff, Rickey Grigler, by and through his attorneys, Ed Fox & Associates, Ltd., request judgment as follows:

1. Defendant Officer pay Grigler's general damages, including emotional distress, in a sum to be ascertained;

2. Defendant Officers pay Grigler's special damages;

3. Defendant Officers pay Grigler's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, or any other applicable provision;

4. Defendants Officers to pay punitive and exemplary damages in a sum to be ascertained;

5. Defendant Officers pay Grigler's costs of the suit herein incurred; and

6. Grigler have such other and further relief as this Court may deem just and proper.


BY: */s/Peter T. Sadelski*
Peter T. Sadelski
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
*Attorneys for Plaintiffs*
118 N. Clinton St., Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: */s/Peter T. Sadelski*
Peter T. Sadelski
Edward M. Fox
ED FOX & ASSOCIATES, LTD.
*Attorneys for Plaintiffs*
118 N. Clinton St., Suite 425
Chicago, Illinois 60661
(312) 345-8877
psadelski@efoxlaw.com